*J. Simpson, for appellant.*

---

### JAMES TRIMBLE *v.* FARMERS' BANK OF KENTUCKY.

**Attorney's Fees—Promissory Notes.**

A stipulation in a promissory note that if it should become necessary to collect it by legal proceedings the obligors would pay a reasonable attorney's fee and costs of collection, is not enforcible.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 29, 1874.

OPINION BY JUDGE COFER:

The appellee sued the appellant and others, on a promissory note for $2,151.17, which contained a stipulation that if it became necessary to collect it by legal proceedings, the obligors would pay a reasonable attorney's fee and cost of collection. This stipulation is set out in the petition, and it is alleged that it had become necessary to collect the note by legal proceedings, and that a reasonable attorney's fee therefor is $100.

The appellant having failed to answer, judgment was rendered by default on the 13th day of February, 1874, for the amount of the notes and one hundred dollars and cost. On the 16th day of February, the appellant tendered an answer and moved the court to set aside the judgment, and permit the answer to be filed, to which appellee objected, and his motion having been overruled, he excepted and made the proffered answer a part of the record by bill of exceptions, and now complains that the court erred in refusing to set aside the judgment and allow his answer to be filed, and also, that the court erred in rendering judgment against him.

The answer tendered by appellant refers to and adopts an answer tendered at the same time by other defendants, and among other defenses set up in the answer thus referred to, is a denial that one hundred dollars is a reasonable attorney's fee for the collection of the note, and also an averment that the stipulation to pay an at-

torney's fee in case suit had to be brought on it, "is invalid, illegal and inoperative."

We have heretofore decided that if a party sought to be charged with the payment of an attorney's fee on a contract like this, and appears, and resists a judgment, no judgment can be rendered against him on account of such stipulation. The appellant did not object in this case before judgment was rendered, but he did, by adopting the answer of his codefendants, in which the legality of that part of the demand was directly called in question, indicate unmistakably that he did not consent to that part of the judgment; and as the court still had power to set aside or modify the judgment, his motion should have been sustained on that ground, if on no other.

None of the answers tendered appear to have been sworn to, and they were properly rejected for that reason, if for no other. But as the judgment must be reversed for the error already indicated, the appellant should be allowed to make any legal or equitable defense he may have.

Wherefore the judgment against the appellant is *reversed* and the cause is remanded for further proceedings consistent herewith.

*Turner & Gorrison, for appellant.*
*Apperson & Reid, for appellee.*